-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARWIN GUTIERREZ-FLORES,
BELLO AHMED SHEHU,

               Plaintiffs,

         -v-

TODD TRYON, CAPTAIN VOLHWINKEL,
LIEUTENANT SMITH,

               Defendants.

_____

**DECISION AND ORDER**
12-CV-931F



     Plaintiff Darwin Gutierrez-Flores, an immigration detainee held at the Buffalo Federal Detention Facility ("BFDF") in Batavia New York, proceeding *pro se*, commenced this civil rights action on October 3, 2012 in the Western District of New York, Buffalo Division, which was assigned docket number 12-CV-931. Gutierrez-Flores' complaint (Doc. No. 1) asserted that the defendants, officials of the BFDF, violated his religious rights in connection with his diet.

     Plaintiff Bello Ahmed Shehu, also an immigration detainee held at BFDF and proceeding *pro se*, commenced a civil rights action on October 2, 2012 in the Western District of New York, Rochester Division, *Shehu v. Tryon* ("the Shehu action"), which was assigned docket number 12-CV-6532.  Shehu's complaint also asserted that the defendants thereto, the same BFDF officials named in Gutierrez-Flores' complaint, violated his religious rights in connection with his diet.

Plaintiff Gutierrez-Flores subsequently filed a motion (Doc. No. 3) ("Motion to Consolidate"), seeking to combine the two actions.  The motion to consolidate was supported by an attached Declaration by Shehu which noted that he had raised the same claim against the same defendants in the Shehu action as Gutierrez-Flores had raised in 12-CV-931.  (Doc. No. 3 at 3 [Declaration of Bello Ahmed Shehu]). Shehu further stated in his Declaration that he anticipated being deported but that he desired that his action continue and that he wished to grant Gutierrez-Flores authority "to continue litigating this [Shehu] action."  *Id.*  Shehu's Declaration further requested that the Court combine 12-CV-6532 with 12-CV-931.  *Id.*

By Decision and Order dated September 25, 2013 ("September 25 Order") the Court granted plaintiff Gutierrez-Flores' motion to consolidate, and directed that the Clerk of the Court transfer the Shehu action, 12-CV-6532, from the Rochester Division to the Buffalo Division of the Western District of New York, and to consolidate 12-CV-6532 with 12-CV-931.  (Doc. No. 5).  The September 25 Order also dismissed as moot plaintiff Gutierrez-Flores' motion to amend the complaint (Doc. No. 4) based upon the Court's determination that inasmuch as defendants had filed no responsive pleading, plaintiff had the right, pursuant to Fed.R.Civ.P. 15(a)(1)(B) to file an amended complaint without leave of the Court.

Following the consolidation of the two actions, plaintiff Gutierrez-Flores filed a letter to the Clerk of the Court purporting to give an individual not a party to the case, Michele Sardo, a "power of attorney" to continue litigation of the consolidated

2

cases. (Doc. No. 7). Plaintiff gives no indication that Sardo is an attorney, and was being designated in that capacity to act on his behalf.

As noted, at the time of the commencement of the now-consolidated actions, both plaintiffs were detained at the BFDF. However, the Court does not have plaintiffs' current addresses. The September 25 Order which was mailed to plaintiff Gutierrez-Floreson September 26, 2013 was returned to the Court marked undeliverable on October 28, 2013. In addition, a search of the Online Detainee Locator System maintained by U.S. Immigration and Customs Enforcement (ICE), https://locator.ice.gov/odls/homePage.do, (last visited June 21, 2014) reveals that neither Gutierrez-Flores nor Shehu is any longer in custody of ICE. In an effort to determine plaintiff's circumstances, the Clerk of the Court's Office contacted immigration authorities, and were advised that plaintiff Shehu was deported to Ghana in October, 2012 and that plaintiff Gutierrez-Flores was deported to Honduras in March, 2014.[1] Further confirmation of plaintiffs' deportation is contained in an Order issued by the Court (Hon. Jonthan W. Feldman) dismissing a petition for habeas corpus filed by Shehu on the grounds of mootness in light of his removal from the United States in October 12, 2012, *see Shehu v. Holder*, 12-CV-6086JWF (Doc. No. 9) and in a motion filed by the government to dismiss the petition for habeas corpus filed by Gutierrez-Flores. *See Gutierrez-Flores v. Tryon*,

---

[1]The ICE Online Detainee Locator System only contains the names of detainees currently in ICE custody and those who have been released within the last 60 days. Because plaintiffs Shehu and Gutierrez-Flores were apparently removed from the United States approximately twenty months and three months ago, respectively, their names and respective A-numbers (A-076548276, A-043562957) and countries of origin are not currently in the online system.

13-CV-52F (Doc. No. 14 at 8-9 [Exh. A–Warrant of Removal/Deportation]).

Accordingly, it appears that both plaintiffs have failed to provide the Court with an

address where papers may be served.

Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se*

"must furnish the Court with a current address at which papers may be served on

the litigant . . . . In addition, the Court must have a current address at all times.

Thus a *pro se* litigant must notify the Court immediately in writing of any change of

address. Failure to do so may result in dismissal of the case with prejudice." Local

Rule of Civil Procedure 5.2(d).

Since their release from custody and deportation, plaintiffs have failed to

comply with the obligation to advise the Court of a current address to permit the

orderly progression of the case under Local Rule 5.2(d). *Cf. Brown v. Wright*, 2008

U.S. Dist. LEXIS 8810 (N.D.N.Y. Feb. 6, 2008) (Declining to dismiss for failure to

prosecute where plaintiff maintained communication with the Court and opposing

counsel despite his deportation to Jamaica).

The Court therefore finds it appropriate to dismiss the case for plaintiffs'

failure to advise the Court of a current address. *See Medina v. Buffalo Federal*

*Detention Facility*, 2014 U.S. Dist. LEXIS 26252 (W.D.N.Y. Feb. 25, 2014)

(dismissing complaint because plaintiff had been deported, and following

deportation had failed to advise the Court of his current address, and to prosecute

the action ) (citation omitted).

With respect to Gutierrez-Flores' attempt to assign a power of attorney to Michele Sardo (Doc. No. 7), the Court notes that "because *pro se* means to appear for one's self, [and] a person may not appear on another person's behalf in the other's cause . . . ", *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) (citation omitted), a power of attorney does not allow a person (Sardo) to proceed *pro se* on behalf of the principal (Gutierrez-Flores), *Gomez v. Fischer*, 2013 U.S. Dist. LEXIS 55908, at *1 (W.D.N.Y., Apr. 18, 2013) (citation omitted).[2]

## CONCLUSION AND ORDER

For the reasons discussed above, the instant action is dismissed, pursuant to Rule 5.2(d) of Local Rules of Civil Procedure, based upon plaintiffs' failure to advise the Court of a current address. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: _____June 25_____, 2014

---

[2]Plaintiff Shehu's attempt to authorize Gutierrez-Flores to represent him (Doc. No. 3 at 3, discussed *supra*) would be similarly infirm, even if Gutierrez–Flores had not been deported.